No. 09-640C
(Judge Braden)

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ROXANN J. FRANKLIN-MASON,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

TONY WEST
Assistant Attorney General

JEANNE E. DAVIDSON
Director

REGINALD T. BLADES, Jr.
Assistant Director

OF COUNSEL:

DAVID TOWNSEND
Associate Counsel
Military Sealift Command
Washington Navy Yard
914 Charles Morris Court, S.E.
Washington Navy Yard D.C., 20398

SHELLEY D. WEGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., Room 12070
Washington, D.C.  20530
Tele: (202) 616-1273
Fax:  (202) 514-8624

February 26, 2010

Attorneys for Defendant

# TABLE OF CONTENTS

DEFENDANT'S BRIEF ................................................................. 1

STATEMENT OF THE ISSUES ....................................................... 1

STATEMENT OF THE CASE .......................................................... 2

    I.    Nature Of The Case ....................................................... 2

    II.   Statement Of Facts And Course Of Proceedings ..................... 3

ARGUMENT ........................................................................... 6

    I.    Legal Standards Pursuant To RCFC 12(b)(1) And 12(b)(6) ................. 6

    II.   The Court Does Not Possess Jurisdiction To Entertain Plaintiff's Claims ............ 7

        A.    The Court Does Not Possess Jurisdiction To Entertain Plaintiff's
             Claims Of Discrimination, Retaliation, And Creation Of A Hostile
             Work Environment ............................................... 8

        B.    This Court Does Not Possess Jurisdiction To Entertain Plaintiff's
             Requests For Compensation For Emotional Distress Or To Enforce
             An EEOC Decision ............................................... 12

        C.    The Court Does Not Possess Jurisdiction Over Plaintiff's Breach
             Of Contract Claim Because The Stipulation And Order At Issue
             In This Case Is Not A Contract But A District Court Order Or
             Consent Decree ................................................. 14

             1.    The Jurisdiction Of This Court Is Limited ................... 14

             2.    The Stipulated Order Is A District Court Order That This
                  Court Does Not Possess Jurisdiction To Enforce ............ 15

    III.   Plaintiff's Complaint Fails To State A Claim Upon Which Relief Can Be
         Granted Because She Has Not Alleged A Breach Of The Stipulated Order ....... 21

        A.    Plaintiff Has Not Alleged A Breach Of A Contractual Duty ................. 22

        B.    Plaintiff Has Not Alleged That The Purported Breach Of A
             Contractual Duty Was The Proximate Cause Of Damages Claimed ...... 25

CONCLUSION ......................................................................... 26

## TABLE OF AUTHORITIES

### CASES

Aetna Cas. & Sur. Co. v. United States,
  655 F.2d 1047 (Ct. Cl. 1981) ................................................................. 15

Akinseye v. Dist. of Columbia,
  339 F.3d 970 (D.C. Cir. 2003) ............................................................... 19

Am. Disability Assoc, Inc. v. Chmielarz,
  289 F.3d 1315 (11th Cir. 2002) ............................................................. 16

Awad v. United States,
  301 F.3d 1367 (Fed. Cir. 2002) ............................................................. 15

Battle v. Liberty Nat'l Life Ins. Co.,
  877 F.2d 877 (11th Cir.1989) ................................................................ 20

Bender v. Williamsport Area Sch. Dist.,
  475 U.S. 534 (1986) .............................................................................. 15

Berger v. Heckler,
  771 F.2d 1556 (2d. Cir. 1985) ............................................................... 20

Berry v. United States,
  86 Fed. Cl. 750 (2009) .......................................................................... 16

Bohac v. Dep't of Agriculture,
  239 F.3d 1334 (Fed. Cir. 2001) ............................................................. 12

Booth v. United States,
  990 F.2d 617 (Fed. Cir. 1993) ............................................................... 6

Boyle v. United States,
  200 F.3d 1369 (Fed. Cir. 2000) ............................................................. 7

Bradley v. Chiron Corp.,
  136 F.3d 1317 (Fed. Cir. 1998) ............................................................. 7

Brown v. Gen. Servs. Admin.,
  425 U.S. 820 (1976) .............................................................................. 9

Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,
  532 U.S. 598 (2001) .............................................................................. 18

Chambers v. United States,
    417 F.3d 1218 (Fed. Cir. 2005) ..................................................................... 15

Christina A. v. Bloomberg,
    315 F.3d 990 (8th Cir. 2003) ..................................................................... 17

Contrell v. United States,
    42 Fed. Cl. 144 (1998) ..................................................................... 10, 11

Cottrell v. United States,
    42 Fed. Cl. 144 (1998) ..................................................................... 11

Cruz v. Dep't of Navy,
    934 F.2d 1240 (Fed. Cir. 1991) ..................................................................... 10

Daniels v. United States,
    59 Fed. Cl. 506 (2004) ..................................................................... 8

Dixon v. United States,
    17 Cl. Ct. 73 (1989) ..................................................................... 9

Fausto v. United States,
    16 Cl. Ct. 750 (1989), rev'd,
    783 F.2d 1020 (Fed. Cir. 1986), rev'd,
    484 U.S. 439 (1988) ..................................................................... 13

Figueroa v. United States,
    57 Fed. Cl. 488 (2003), aff'd,
    466 F.3d 1023 (Fed. Cir. 2006) ..................................................................... 7

Fisherman's Harvest, Inc. v. PBS & J,
    490 F.3d 1371 (Fed. Cir. 2007) ..................................................................... 20

Flanagan v. Arnaiz,
    143 F.3d 540 (9th Cir. 1998) ..................................................................... 19, 20

Franchise Tax Bd. v. Constr. Laborers Vacation Trust,
    463 U.S. 1 (1983) ..................................................................... 7

Franklin-Mason v. Dalton,
    Civ. Case No. 96-2505, Docket No. 44 ..................................................................... 18

Gallo v. United States,
    529 F.3d 1345 (Fed. Cir. 2008) ..................................................................... 11

iii

Griswold v. Untied States,
   61 Fed. Cl. 458 (2004) ................................................................... 11, 13

Hall v. United States,
   69 Fed. Cl. 51 (2005) ..................................................................... 12

Hambsch v. United States,
   857 F.2d 763 (Fed. Cir. 1988), cert. denied,
   490 U.S. 1054 (1989) ..................................................................... 15

Hicks v. United States,
   23 Cl. Ct. 647 (1991) ..................................................................... 15

Holley v. United States,
   124 F.3d 1462 (Fed. Cir. 1997) ......................................................... 7

Hughes Commc'n Galaxy, Inc. v. United States,
   271 F.3d 1060 (Fed. Cir. 2001) ......................................................... 22

Indium Corp. of Am. v. Semi-Alloys, Inc.,
   781 F.2d 879 (Fed. Cir. 1985) ........................................................... 5

Khan v. United States,
   201 F.3d 1375 (Fed. Cir. 2000) ......................................................... 10

Kirby v. Dole,
   736 F.2d 661, 664 (11th Cir. 1984) .................................................... 13

Kokkonen v. Guardian Life Ins. Co. of Am.,
   511 U.S. 375 (1994) ................................................................ 14, 16, 19

M. Snower & Co. v. United States,
   140 F.2d 367 (7th Cir. 1944) ............................................................. 2

McCauley v. United States,
   38 Fed. Cl. 250 (1997), aff'd,
   152 F.3d 948 (Fed. Cir. 1998) ....................................................... 10, 12

McClary v. United States,
   7 Cl. Ct. 160 (1984), aff'd in part, rev'd in part on other grounds,
   775 F.2d 280 (Fed. Cir. 1985) .......................................................... 10

Mintzmyer v. Dep't of the Interior,
   84 F.3d 419 (Fed. Cir. 1996) ........................................................... 10

Taylor v. United States,
    80 Fed. Cl. 376 (2008) ................................................................ 9

Thomas v. United States,
    34 Fed. Cl. 619 (1995) , aff'd,
    101 F.3d 714 (Fed. Cir. 1996) (table) ...................................... 5

United States v. Am. Soc'y of Composers,
    442 F.2d 601 (2d Cir.1971) ...................................................... 20

United States v. Am. Soc'y of Composers (In re Karmen),
    32 F.3d 727 (2d Cir.1994) ........................................................ 20

United States v. Fausto,
    484 U.S. 439 (1988) ................................................................ 10

United States v. Griffin,
    782 F.2d 1393 (7th Cir. 1986) ................................................ 11

United States v. ITT Cont'l Baking Co.,
    420 U.S. 223 (1975) ................................................................ 17

United States v. Newport News Shipbuilding & Dry Dock Co.,
    933 F.2d 996 (Fed. Cir. 1991) ................................................ 6

United States v. Swift & Co.,
    286 U.S. 106 (1932) ................................................................ 17

United States v. Testan,
    424 U.S. 392 (1976) ................................................................ 13

W & F Bld. Maint. Co. v. United States,
    56 Fed. Cl. 62 (2003) .............................................................. 22

Wilson v. United States,
    58 Fed. Cl. 760 (2003), aff'd,
    405 F.3d 1002 (Fed. Cir. 2005) .............................................. 7

Zhengxing v. United States,
    71 Fed. Cl. 732 (2006) ............................................................ 8

## STATUTES AND REGULATION

5 C.F.R. 1605.4 (1999) ........................................................................... 25

28 U.S.C. 1331 .......................................................................................... 8

28 U.S.C. 1491 ............................................................................ 8, 11, 14, 15

28 U.S.C. 1631 ........................................................................................ 20

42 U.S.C. 2000e-3(a) ................................................................................. 9

42 U.S.C. 2000e-5(f) ............................................................................... 7, 9

42 U.S.C. 2000e-5(f)(3) ............................................................................. 8

42 U.S.C. 2000e-16(c) ............................................................................ 8, 9

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ROXANN J. FRANKLIN-MASON, )
)
    Plaintiff, )
)    No. 09-640C
    v. )    (Judge Braden)
)
THE UNITED STATES, )
)
    Defendant. )

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests the Court to dismiss plaintiff Roxann Franklin-Mason's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. In support of this motion, we rely upon the complaint, the attached appendix, and the following brief.

## DEFENDANT'S BRIEF

## STATEMENT OF THE ISSUES

1.    Whether this Court possesses subject matter jurisdiction to entertain Ms. Franklin-Mason's claims of discrimination based on race and gender, a hostile work environment, and retaliation resulting in constructive discharge.

2.    Whether this Court possesses subject matter jurisdiction to grant Ms. Franklin-Mason relief in the form of monetary compensation for emotional distress and enforcement of an Equal Employment Opportunity Commission ("EEOC") decision.

3.    Whether this Court possesses subject matter jurisdiction over Ms. Franklin-Mason's breach of contract claim because the Stipulated Order at issue in this case is a not a

contract, but rather an order of the district court.

     4.     Whether Ms. Franklin-Mason has failed to state a claim for breach of contract because she fails to allege that the Government breached a contractual obligation and further fails to allege that the damages she seeks were caused by the Government's purported breach.

<h3 style="text-align:center">STATEMENT OF THE CASE[1]</h3>

## I.    Nature Of The Case

     Plaintiff, Ms. Franklin-Mason, claims that the United States discriminated against her on the basis of race and gender, breached a Stipulation of Settlement entered by the United States District Court for the District of Columbia settling her Title VII cause of action, created a hostile work environment, and retaliated against her for engaging in EEOC activities causing her to be constructively discharged.  Compl. at 1.  Ms. Franklin-Mason appears to allege that the United States failed to comply with the terms of the Stipulated Order by not providing her with job responsibilities commensurate with her position, having her work with an employee within the Office of the Comptroller, denying her educational benefits, failing to fund the thrift savings plan ("TSP") fund of her choice, and not verifying that specific information was expunged from her personnel records.  See Compl. at 44, 37 ¶ 173, 42 ¶ 191, 45 ¶ 198, 44 ¶ 196(h), 45 ¶ 202. Ms. Franklin-Mason seeks over $4,000,000 in damages, including compensation for back and front pay from the time of her constructive discharge to the date of her planned retirement, an annual annuity, and compensation for retaliation, as well as a finding that the Department of the

---

    [1] For the purposes of this motion only, we accept as true the factual allegations as set forth in the complaint.  If this motion is denied, we reserve the right to contest each and every factual allegation in the complaint.  See, e.g., M. Snower & Co. v. United States, 140 F.2d 367, 370 (7th Cir. 1944).

2

Navy ("Navy") discriminated against her.  Compl. at 46.

## II.   Statement Of Facts And Course Of Proceedings

Ms. Franklin-Mason was employed as a Statistician with the Navy from approximately September 1978, until she was allegedly constructively discharged on August 11, 1989, and from April 1999, until she was allegedly constructively discharged a second time in June 2005. Compl. at 1.[2]  In January 1988, Ms. Franklin-Mason initiated the EEOC process, alleging that her non-selection for a GM-13 statistician vacancy amounted to discrimination based on her race and gender.  Compl. at 2.  On October 31, 1996, after filing three formal EEOC complaints, and exhausting the administrative process, Ms. Franklin-Mason filed a Title VII discrimination complaint against the Navy in the United States District Court for the District of Columbia. Compl. at 2-4.

On March 26, 1999, pursuant to United States District Court Judge Sullivan's suggestion, Ms. Franklin-Mason and representatives from the United States Attorney's Office executed and filed with the district court a stipulation of settlement, proposed order of dismissal.  Compl. at 6. The stipulation and proposed order became a final order of the court ("Stipulated Order") when Judge Sullivan, stamped the proposed agreement "approved and so Ordered," and entered the order on the district court's docket.  Compl. at 6-7; see also Pl. Ex. 6 at 6.[3]  In relevant part, the Stipulated Order provided that: (1) plaintiff would be appointed as a Senior Financial Analyst/Advisor to the Financial Manager of the Naval Fleet Auxiliary Force and that the

---

[2] "Compl.___" refers to plaintiff's Amended Complaint filed with this Court on October 27, 2009.

[3] "Pl. Ex.___" refers to an exhibit attached to plaintiff's Amended Complaint.

position shall be graded at a Level 13, Step 10, Pl. Ex. 6 ¶ 2; (2) defendant shall pay plaintiff

$400,000 for back pay and $50,000 in attorney fees, id. at ¶ 3; (3) $36,000 shall be deducted

from the back pay award and placed in plaintiff's TSP account, id. at ¶ 6; (4) plaintiff is eligible

to receive and should be considered for any and all educational benefits afforded to personnel

employed at her grade/level, id. at ¶ 9; (5) plaintiff shall not be required to work directly for or be

supervised by William Savitsky, Robert Hoffman, or Donald Petska in the normal course of her

duties and that none of these individuals or any other personnel in the Office of the Comptroller

shall be involved in any way with the formal evaluation of plaintiff's work performance or in

decisions made regarding plaintiff's employment status, id. at ¶ 10; and (6) that defendant shall

expunge from plaintiff's record any information or reference to the notice of proposed removal

issued to plaintiff, all medical records associated with the proposed removal, as well as the

AWOL status and LWOP status, Pl. Ex. 6 ¶ 11.

      The Stipulated Order also contained an integration clause providing that "[t]his

Stipulation of Settlement and Order contains the entire agreement between the parties and

supercedes any and all previous agreements, whether written or oral, between the parties relating

to this subject matter." Id. ¶ 16. Further, the Stipulated Order provided that the action would be

dismissed with prejudice; and that the parties "shall have the right to seek enforcement of the

Stipulation with the Court including, but not limited to money damages." Id. ¶¶ 21, 22. Pursuant

to the Stipulated Order, Ms. Franklin-Mason's employment was reinstated, and she returned to

work in April 1999. See Compl. at 36 ¶ 167(j).

      On December 10, 1999, Ms. Franklin-Mason filed her first of four motions to enforce the

Stipulated Order. See Compl. at 7 ¶ 28. Judge Sullivan entertained the merits of this motion, as

4

well as Ms. Franklin-Mason's two subsequent motions, but ultimately denied the motions to give

the Navy time to finalize compliance with the terms of the Stipulated Order. Id. at 7-8.  On

November 9, 2001, Ms. Franklin-Mason filed her fourth motion to enforce the settlement

agreement and for sanctions.  See Compl. at 8.  She alleged that the Navy violated the agreement

by: (1) failing to appoint her to the promised Senior Financial Analyst/Advisor position; (2)

failing to assign her duties and responsibilities commensurate with that position; and (3) failing

to ensure that she would not be required to work directly for or be supervised by allegedly

discriminatory officials, or that she would not be involved in any way with the people employed

by the Office of the Comptroller.  See A4.[4]  Plaintiff's motion filed with the district court sought

specific enforcement of the Stipulated Order as well as compensation for "the pain and suffering

that she experienced as a result of Defendant's non-implementation of the Agreement."  A20; see

A11, A18-19.  Eventually, however, the district court found that Ms. Franklin-Mason did not

seek specific performance of the settlement agreement, but instead sought over $900,000 in

damages and attorney fees.  See A4.  The parties presented arguments and evidence on the

motion to a magistrate judge who subsequently issued a report recommending that Ms. Franklin-

Mason be awarded nominal damages at most.  See A4-5; Compl. at 9-13.

    After nine years of motions practice and the issuance of the magistrate judge's report and

recommendation, United States District Court Judge Roberts issued a memorandum opinion

concluding that, because Ms. Franklin-Mason was requesting more than $10,000 in monetary

---

[4] "A___" refers to the appendix attached to this motion.  These documents may be
considered without converting this motion to dismiss into a motion for summary judgment.  See
Thomas v. United States, 34 Fed. Cl. 619, 621 (1995) (quoting Indium Corp. of Am. v.
Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed. Cir. 1985)), aff'd, 101 F.3d 714 (Fed. Cir. 1996)
(table).

damages, the district court did not possess jurisdiction over Ms. Franklin-Mason's motion for enforcement and sanctions.[5] Judge Roberts subsequently transferred plaintiff's motion to this Court. See A1, A10; Compl. at 13 ¶ 78.

Ms. Franklin-Mason filed an amended complaint in this Court on October 27, 2009. In her complaint, she alleges that the Navy discriminated against her on the basis of race and gender, breached the Stipulated Order, created a hostile work environment, and retaliated against her, causing her to be constructively discharged in violation of Title VII. See Compl. at 1. Specifically, Ms. Franklin-Mason alleges that the Navy breached the Stipulated Order by failing to provide her with job responsibilities commensurate with the position promised, Compl. at 44 ¶ 196(c); denying her educational benefits, id. at ¶ 196(h); causing her to work directly with an employee from the Office of the Comptroller, id. at 42 ¶¶ 191(h), 45 ¶ 198; and not showing plaintiff verification that her personnel records had been expunged, id. at 45 ¶ 202. Ms. Franklin-Mason now seeks over $4,000,000 in damages plus attorney fees. Compl. at 46.

## ARGUMENT

### I.    Legal Standards Pursuant To RCFC 12(b)(1) And 12(b)(6)

Subject matter jurisdiction may be challenged at any time by the parties, by the court sua sponte, or on appeal. Booth v. United States, 990 F.2d 617, 620 (Fed. Cir. 1993); United States v. Newport News Shipbuilding & Dry Dock Co., 933 F.2d 996, 998 n.1 (Fed. Cir. 1991). The burden of establishing the Court's subject matter jurisdiction rests with the party seeking to

---

[5] Judge Sullivan recused himself from the case on July 7, 2002, purportedly due to the fact that the Assistant United States Attorney handling the case represented Judge Sullivan in his official capacity. The case was reassigned to United States District Court Judge Richard W. Roberts. Compl. at 9 ¶ 42.

invoke it. <u>Wilson v. United States</u>, 58 Fed. Cl. 760, 762 (2003), <u>aff'd</u>, 405 F.3d 1002 (Fed. Cir.

2005). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in

that it must state the necessary elements of the plaintiff's claim, independent of any defense that

may be interposed." <u>Holley v. United States</u>, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citing

<u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1 (1983)). Further, the Court

may consider all relevant evidence, including evidence outside the pleadings when resolving a

jurisdictional challenge. <u>Wilson</u>, 58 Fed. Cl. at 762. "Conclusory allegations of law and

unwarranted inferences of fact do not suffice to support a claim." <u>Bradley v. Chiron Corp.</u>, 136

F.3d 1317, 1322 (Fed. Cir. 1998).

"A motion to dismiss . . . for failure to state a claim upon which relief can be granted is

appropriate when the facts asserted by the plaintiff do not entitle him to a legal remedy."

<u>Boyle v. United States</u>, 200 F.3d 1369, 1371 (Fed. Cir. 2000) (citation omitted). "In ruling on a

RCFC 12(b)(6) motion to dismiss, the court must accept as true the complaint's undisputed

factual allegations and should construe them in a light most favorable to the plaintiff . . . .

Nevertheless, 'conclusory allegations unsupported by any factual assertions will not withstand a

motion to dismiss.'" <u>Figueroa v. United States</u>, 57 Fed. Cl. 488, 497 (2003) (citation omitted),

<u>aff'd</u>, 466 F.3d 1023 (Fed. Cir. 2006).

II.   <u>**The Court Does Not Possess Jurisdiction To Entertain Plaintiff's Claims**</u>

Ms. Franklin-Mason raises four claims: (1) discriminatory "employment practices in

failing to promote plaintiff on the basis of her race and gender," (2) "breach of contract,"

(3) "creation of a hostile work environment," and (4) "retaliation and reprisal resulting in

constructive discharge in violation of 42 U.S.C. 2000e-5(f) through (k) and section 2000e-

7

16(a)."[6]  Compl. at 1 ¶ 1, 35.  Although the allegations in the complaint are not divided into causes of action, even reading the complaint in the light most favorable to the plaintiff, the Court clearly does not possess jurisdiction to entertain claims one, three, and four.  The only claim that this Court may possess jurisdiction to entertain is plaintiff's claim for a purported breach of contract.  As discussed below, however, the Stipulated Order at issue in this case is not a contract but rather an order of the district court.  Therefore, this Court does not possess jurisdiction to entertain Ms. Franklin-Mason's breach of contract claim.  Additionally, Ms. Franklin-Mason requests various forms of relief including, past and future medical costs and the relief specified in a past EEOC decision, that this Court does not possess jurisdiction to award.  Compl. at 46 ¶¶ c, d, e.

## A.   The Court Does Not Possess Jurisdiction To Entertain Plaintiff's Claims Of Discrimination, Retaliation, And Creation Of A Hostile Work Environment

First, Ms. Franklin-Mason asserts claims of gender and race discrimination, for which she seeks "a finding that the Department treated Caucasian and male employees who were similarly situated to Plaintiff more favorably than Plaintiff in violation of Title VII" and an order requiring the Navy to post this Court's order in the workplace for sixty days.  Compl. at ¶¶ 165-167(h),168-172, 187-188, 46 ¶ a, 47 ¶ j.  These types of claims are remedied exclusively by Title VII, and this Court "has no authority to 'hear, decide, or grant relief'" for such complaints. Zhengxing v. United States, 71 Fed. Cl. 732 (2006) (quoting Daniels v. United States, 59 Fed. Cl.

---

[6] In her complaint Ms. Franklin-Mason incorrectly asserts that jurisdiction in this Court is invoked pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5(f)(3) and 42 U.S.C. § 2000e-16(c). Each of these sections relates exclusively to jurisdiction in the district courts.  To the extent that plaintiff has sufficiently pled a breach of contract claim, she has properly asserted that this Court's would exercise jurisdiction under 28 U.S.C. § 1491.

8

506, 506 (2004)); <u>Taylor v. United States</u>, 80 Fed. Cl. 376, 381 (2008) ("Title VII is the

comprehensive, exclusive and pre-emptive remedy for federal employees alleging

discrimination.") (citing <u>Brown v. Gen. Servs. Admin.</u>, 425 U.S. 820, 829 (1976)); <u>see</u> 42 U.S.C.

§ 2000e-5(f)(3).  By statute, jurisdiction over Title VII claims lies exclusively with the United

States district courts.  <u>See Dixon v. United States</u>, 17 Cl. Ct. 73, 77 (1989) (citing 42 U.S.C.

§ 2000e-16).  Thus, Ms. Franklin-Mason incorrectly alleges that this Court possesses jurisdiction

to entertain her discrimination claims pursuant to 42 U.S.C. 2000e-5(f)(3) and 42 U.S.C. 2000e-

16(c).  <u>See id.</u>  Further, because this Court does not possess jurisdiction over discrimination

claims, Ms. Franklin-Mason's eighty-five paragraphs of factual allegations pertaining to events

that occurred prior to the Title VII settlement cannot have any bearing on this action.  Compl.

¶¶ 80-164. Accordingly, this Court should dismiss all of Ms. Franklin-Mason's claims related to

allegations of discrimination and violations of Title VII.

      Likewise, this Court does not possess jurisdiction to entertain claims related to retaliation,

voluntary retirement or constructive discharge.  In her complaint, Ms. Franklin-Mason alleges

that the Navy's retaliatory acts led to her constructive discharge in violation of Title VII.  Compl.

at 1 ¶ 1, 35 ¶ 167.  She seeks relief related to these claims in the form of "retaliation in the

amount of $658,800.00" and "an order awarding plaintiff front and back pay from June 2005 to

June 2016 (from the date of the plaintiff's constructive discharge date to the plaintiff's planned

full retirement) in the amount of $1,929,682 as just compensation for the material breach of

contract and retaliation to the plaintiff."  Compl. at 46 ¶ b.  First, to the extent this is a claim for a

Title VII violation, as Ms. Franklin-Mason alleges in her complaint, this Court does not possess

jurisdiction to hear such claims, as discussed above.  <u>See generally</u> 42 U.S.C. § 2000e-3(a)

9

(prohibiting an employer from discriminating against an employee for engaging in EEOC activities). Second, this Court does not possess jurisdiction to entertain retaliation claims. Contrell v. United States, 42 Fed. Cl. 144, 149 (1998) (no jurisdiction over retaliation claims) (citing McCauley v. United States, 38 Fed. Cl. 250, 265-66 (1997), aff'd, 152 F.3d 948 (Fed. Cir. 1998).

Finally, to the extent that Ms. Franklin-Mason's retaliation and constructive discharge claim is construed to be independent of her discrimination claims, this Court does not possess jurisdiction because the exclusive remedy for Ms. Franklin-Mason claim is under the Civil Service Reform Act ("CRSA"). With the CRSA, Congress vested the Merit Systems Protection Board ("MSPB") with "exclusive and continuing jurisdiction over all matters relating to a complainant's . . . termination and back pay award." Shellman v. United States, 9 Cl. Ct. 452, 457 (1986) (quoting McClary v. United States, 7 Cl. Ct. 160 (1984), aff'd in part, rev'd in part on other grounds, 775 F.2d 280 (Fed. Cir. 1985)). While neither the MSPB nor this Court possess jurisdiction over claims related to the voluntary retirement of a federal employee, the MSPB possesses exclusive jurisdiction over appeals of constructive removal.[7] See Cruz v. Dep't of Navy, 934 F.2d 1240, 1243 (Fed. Cir. 1991); Mintzmyer v. Dep't of the Interior, 84 F.3d 419, 423 (Fed. Cir. 1996) (an involuntary retirement is a constructive removal). Assuming that Ms. Franklin-Mason has a legitimate claim for constructive discharge, her exclusive remedy would be an appeal to the MSPB, not an action in this Court. See United States v. Fausto, 484 U.S. 439, 444 & 454-55 (1988); Khan v. United States, 201 F.3d 1375, 1380 (Fed. Cir. 2000)

---

[7] Ms. Franklin-Mason's retirement was arguably voluntary because she accepted $25,000 in separation incentive pay. See A64.

10

(involuntary retirement claims are generally appealed to the Board under chapter 75 of title 5); Gallo v. United States, 529 F.3d 1345, 1352 (Fed. Cir. 2008) ("this court lacks jurisdiction 'over personnel actions covered by the CSRA,' even where such actions 'would otherwise constitute a valid Tucker Act claim.'"). Ms. Franklin-Mason did not appeal her constructive discharge claim to the MSPB, and this Court does not possess jurisdiction to entertain such a claim now.

Moreover, to the extent Ms. Franklin-Mason's request for front and back pay is sought as "just compensation for the material breach of contract and [not as compensation for a claim of] retaliation to the plaintiff," the Court does not possess jurisdiction over this request for relief. Front pay is an equitable remedy that this Court does not possess jurisdiction to award. See Taylor v. United States, 73 Fed. Cl. 532, 543 (2006); Griswold v. Untied States, 61 Fed. Cl. 458, 466 (2004) (citing 28 U.S.C. § 1491(a)(2)). Also, although Ms. Franklin-Mason labels her request for relief as compensation for a breach of contract, in requesting wages that she would have earned from the date of her alleged constructive discharge through the date of her planned retirement, she is in reality seeking compensation for constructive discharge or early retirement. See Nat'l Presto Indus., Inc.v. Dazey Corp., 107 F.3d 1576, 1581 (Fed. Cir. 1997) ("A [c]ourt is entitled to disregard labels and treat pleadings for what they are.") (quoting United States v. Griffin, 782 F.2d 1393, 1399 (7th Cir. 1986)). Accordingly, this Court should dismiss Ms. Franklin-Mason's claims for retaliation and constructive discharge, and the relief she seeks as compensation for these claims.

Finally, this Court does not possess jurisdiction to entertain Ms. Franklin-Mason's claims alleging the creation of a hostile work environment. See Compl. ¶¶ 1, 167(c), 188. This Court has squarely held that it does not possess jurisdiction to hear such claims. Cottrell v. United

11

States, 42 Fed. Cl. 144, 149 (1998) (quoting McCauley v. United States, 38 Fed. Cl. 250, 265-66

(1997), aff'd, 152 F.3d 948 (Fed. Cir. 1998)).

**B.     This Court Does Not Possess Jurisdiction To Entertain Plaintiff's Requests For Compensation For Emotional Distress Or To Enforce An EEOC Decision**

In her complaint, Ms. Franklin-Mason requests several forms of relief that this Court

simply cannot grant.  First, Ms. Franklin-Mason requests "$600,000 for compensatory damages,

including but not limited to medical costs (past and future), long-term care, and health

insurance."  Compl. at 46 ¶ c.  It appears that Ms. Franklin-Mason seeks this relief as

compensation for the Navy's purported breach of contract, which she alleges caused her

"enormous stress that caused her significant psychological damage and depression."  Compl.

¶ 182.  It is well-settled law that this Court does not possess jurisdiction to award damages for

emotional distress and pain and suffering as the result of a breach of contract.  See Bohac v.

Dep't of Agriculture, 239 F.3d 1334, 1340 (Fed. Cir. 2001); Hall v. United States, 69 Fed. Cl. 51,

57 (2005).  "Except in limited circumstances related to common carriers and innkeepers not

applicable here, the court cannot award damages for the emotional consequences of a breach of

contract because such consequences are speculative as a matter of law."  Pratt v. United States,

50 Fed. Cl. 469, 482 (2001).  Indeed, even "where a tort claim stems from a breach of contract"

and the Court has exclusive jurisdiction to adjudicate a claim for damages, it "has no authority to

award . . . damages for 'emotional distress.'"  Hall, 69 Fed. Cl. at 57-58.  Thus, Ms. Franklin-

Mason's request for monetary relief for psychological damages plainly falls outside the

jurisdiction of this Court and should be dismissed.

12

Nor does this Court possess jurisdiction to enforce an EEOC decision. <u>Taylor v. United States</u>, 73 Fed. Cl. 532, 541 (2006) (citing <u>Montalvo v. United States</u>, 17 Cl.Ct. 744, 747-49 (1989). Accordingly, Ms. Franklin-Mason's request that the Court "enter an order awarding plaintiff . . . $1,001,996 for restitution of the EEOC award" and "$106,732 for the grade differential between the GS-13 and GS-14 based on the EEOC claim," is a request for relief that this Court simply cannot grant.[8] Compl. at 46 ¶ d, e.

Moreover, it is a well-established principle that a party may not pursue both "the settlement bargain and the claim purportedly settled." <u>Fausto v. United States</u>, 16 Cl. Ct. 750, 754 (1989), <u>rev'd</u>, 783 F.2d 1020 (Fed. Cir. 1986), <u>rev'd</u>, 484 U.S. 439 (1988) (citing <u>Kirby v. Dole</u>, 736 F.2d 661, 664 (11th Cir. 1984)). Because the Stipulated Order explicitly provides that it represents the "full and complete satisfaction of all claims arising" from Ms. Franklin-Mason's Title VII action, she is no longer entitled to seek the corrective action or relief provided for in the EEOC decision. Pl. Ex. 6 ¶ 16.

Finally, this Court does not possess jurisdiction to award Ms. Franklin-Mason the pay differential between a GS-13 and GS-14 position because this Court's authority to issue equitable relief is limited by "[t]he established rule . . . that one is not entitled to the benefit of a position until he has been duly appointed to it." <u>Griswold v. United States</u>, 61 Fed. Cl. 458, 466 (2004) (quoting <u>United States v. Testan</u>, 424 U.S. 392, 402 (1976)). Ms. Franklin-Mason was never

---

[8] It is unclear how plaintiff derives at $1,001,996 as the amount of restitution for the EEOC award. The award does not appear to specify compensation in this amount. Further, to the extent that this is a claim for lost wages due to discrimination, it is duplicative of other damages. Plaintiff does not allege that the Government failed to pay her the "$400,000 for back pay in full settlement" of her Title VII claim as agreed upon in the Stipulated Order and plaintiff makes a separate request for back and front pay in the complaint in this case. See Pl. Ex. 6 ¶ 3, Compl. at 46 ¶ b.

appointed to a GS-14 position, which was in part the basis of her Title VII action in district court. Nor was this a term of the Stipulated Order. See Pl. Ex. 6 ¶ 2; Pl. Ex. 2 at 70. Thus, as a matter of law, she is not entitled to pay corresponding to this position. Because the Court cannot grant damages for emotional distress or enforce an EEOC decision, the Court should dismiss these claims.

**C.    The Court Does Not Possess Jurisdiction Over Plaintiff's Breach Of Contract Claim Because The Stipulation And Order At Issue In This Case Is Not A Contract But A District Court Order Or Consent Decree**

**1.    The Jurisdiction Of This Court Is Limited**

As a court of limited jurisdiction, this Court possesses only those powers awarded by the Constitution and statutes, and those powers cannot be expanded by judicial decree. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Indeed, the Court's primary jurisdictional statute, the Tucker Act, grants this Court exclusive jurisdiction over "any claim against the United States founded . . . upon any express or implied contract with the United States." 28 U.S.C. §§ 1491(a)(1). It is presumed, however, that a cause lies outside this Court's limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Kokkonen, 511 U.S. at 377. This holds true even when a case is transferred from another court. See Stockton East Water Dist. v. United States, 62 Fed. Cl. 379, 389 (2004) ("[T]he district court's determination that the action 'could have been brought' before the transferee court does not relieve or otherwise exempt a plaintiff from meeting its burden to establish jurisdiction before the transferee court.").

Although the "law-of-the-case-doctrine" would normally require this Court to refrain from deciding the issue of jurisdiction contrary to the finding of the district court, a court is not

only permitted, but obligated, to determine its own jurisdiction.  Hicks v. United States, 23 Cl.
Ct. 647, 652 (1991) (citing Hambsch v. United States, 857 F.2d 763 (Fed. Cir. 1988), cert.
denied, 490 U.S. 1054 (1989)); Stockton, 62 Fed. Cl. at 389.  Accordingly, a district court's
jurisdictional determination does not establish jurisdiction in the Court of Federal Claims.  See
Awad v. United States, 301 F.3d 1367, 1375 (Fed. Cir. 2002) (authorizing the Court of Federal
Claims, as the transferee court, to decide "in the first instance" whether it has jurisdiction); Aetna
Cas. & Sur. Co. v. United States, 655 F.2d 1047, 1051 (Ct. Cl. 1981) ("Transfer of this case from
the district court does not found jurisdiction here . . . ." (citation omitted)); Stockton, 62 Fed. Cl.
at 389 (28 U.S.C. § 1631, the statute that authorizes a transfer, is not a jurisdictional grant).  This
Court, indeed,  has a "special obligation" to assure itself that jurisdiction is proper before it
decides that a case may proceed.  See, e.g., Chambers v. United States, 417 F.3d 1218, 1221
(Fed. Cir. 2005) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)).

> **2.      The Stipulated Order Is A District Court Order That This Court Does Not Possess Jurisdiction To Enforce**

      In her amended complaint, Ms. Franklin-Mason alleges that the United States breached
the Stipulated Order through the Navy's failure, among other allegations, to provide her with job
responsibilities commensurate with her position and to expunge specific documents from her
personnel file.  See Compl. at 35-46.  Pursuant to the district court's conclusion in its transfer
opinion that jurisdiction to enforce the Stipulated Order lies exclusively with this Court,
Ms. Franklin-Mason now asserts that the Court possesses jurisdiction to entertain her claim of
breach pursuant to 28 U.S.C. § 1491(b).  This Court, however, does not possess jurisdiction to
entertain Ms. Franklin-Mason's claim.  Because the terms of the Stipulated Order were only

effective upon approval of the district court and were incorporated into the district court's order
of dismissal, the Stipulated Order is a consent decree and not a contract with the United States.
Accordingly, the complaint should be dismissed because this Court does not possess jurisdiction
to enforce an order of the district court.

Generally, this Court possesses jurisdiction to entertain a claim for breach of a settlement
agreement against the United States. Berry v. United States, 86 Fed. Cl. 750, 755 (2009).
However, jurisdiction to enforce the terms of an agreement may remain with another court if the
agreement is incorporated into a court order "such that a breach of the agreement also violates the
court's decree." Nat'l Presto Indus., Inc. v. Dazey Corp., 107 F.3d 1576, 1580 (Fed. Cir. 1997);
see also Kokkonen v. Guardian Life Ins. Comp. of Am., 511 U.S. 375, 381 (1994) (finding that
jurisdiction to a enforce settlement agreement exists where the "parties' obligation to comply
with the terms of the settlement agreement had been made part of the order of dismissal . . . by
incorporating the terms of the settlement agreement in the order").

This Court has found that while consent decrees and their equivalents are arrived at by
negotiations between the parties and often admit no violation of law, they are not ordinary
contracts because their implementation requires judicial approval. See Ryan v. United States, 75
Fed. Cl. 769, 776 (2007); Rice Serv., LTD., v. United States, 59 Fed. Cl. 619, 622 (2004) (citing
cases that find orders of dismissal incorporating the terms of a settlement agreement equivalent
to a consent decree for determining "prevailing party" status under the Equal Access to Justice
Act); Am. Disability Assoc, Inc. v. Chmielarz, 289 F.3d 1315, 1321 (11th Cir. 2002) (court order
approving terms of settlement is the functional equivalent of a consent decree); see generally
Black's Law Dictionary (8th ed. 2004) (defining a consent decree as a "court order that all parties

16

agree to"). Specifically, a consent decree is an agreement that the parties desire and expect will be reflected in, and enforceable as, a judicial decree that is subject to the rules generally applicable to other judgements and decrees. <u>Rufo v. Imnates of Suffolk Co. Jail</u>, 502 U.S. 367, 378 (1992) (citing <u>Railway Employees v. Wright</u>, 364 U.S. 642, 650-51 (1961)). Thus, although consent decrees possess attributes of both a contract and a court order, they warrant different treatment than an ordinary contract because they are approved by the court and entered as a court order – characteristics not typical of settlement agreements. <u>See</u> <u>United States v. ITT Cont'l Baking Co.</u>, 420 U.S. 223, 236 n.10 (1975); <u>Mynard v. Office of Personnel Mgmt.</u>, 2009 WL 3320583 at *5 (Fed. Cir. 2009), <u>unpublished</u> (consent decrees may be distinguished from private settlement agreements by the means of enforcement).

While consent decrees are construed pursuant to contract law according to the terms within the four corners of the agreement, they are enforced as an order of the court. <u>See</u> <u>Rufo</u>, 502 U.S. at 378 (1992); <u>United States v. Swift & Co.</u>, 286 U.S. 106, 115 (1932) ("We reject the argument . . . that a decree entered upon consent is to be treated as a contract and not as a judicial act."); <u>see</u> <u>Mynard</u>, 2009 WL 3320583 at *5 (consent decrees are enforceable through a court's contempt powers while private settlements are only enforceable through a new action for breach (citing <u>Christina A. v. Bloomberg</u>, 315 F.3d 990, 993 (8th Cir. 2003))). When, as in this case, a district court settles a case by a consent decree, it possesses "inherent power" to enforce its orders. <u>See</u> <u>Pigford v. Veneman</u>, 292 F.3d 918, 924 (D.C. Cir. 2002). Accordingly, although an action for breach of contract may be available for a settlement agreement, it is not available to enforce the terms of a consent decree.

17

In this case, the Stipulated Order is a consent decree. Consistent with the characteristics of consent decrees, the terms of the agreement were negotiated between the parties, but judicial approval was required to effectuate the terms and to dismiss the underlying cause of action with prejudice. See Pl. Ex. 6 at 1, 5 ¶ 21, 6 ¶ 27. Further, that the document refers to itself as an "order" and provides that the parties can seek enforcement of the Stipulated Order in district court indicates that the parties desired and expected that the Stipulated Order would be enforceable as a judicial decree. Pl. Ex. 6 at 4 ¶16,4 ¶ 17, 5 ¶ 22. In fact, in her complaint, Ms. Franklin-Mason specifically alleges that the Stipulation of Settlement "became an order of the Court." Compl. at 6 ¶27.

Judge Sullivan, demonstrated the same intent when he signed the Stipulated Order "[a]pproved and so [o]rdered" and entered it on the docket as an order of the court.[9] Pl. Ex. 6 at 5, 6 ¶ 22. Judge Sullivan thereby transformed what may have otherwise been an ordinary contract into a judicially-enforceable order. Pl. Ex. 6 at 5, 6 ¶ 22. That Judge Sullivan retained judicial oversight over the Stipulated Order by entertaining the merits of three motions to enforce the order further evidences that the Stipulated Order was not an ordinary contract but a consent decree. Compl. at 7-9. Under Supreme Court precedent, it is precisely this judicial approval and oversight that distinguishes consent decrees from private settlements. See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604 n.7 (2001).

In this case, the Stipulated Order was treated as an order of the court by plaintiff, defendants, and the district court until Judge Sullivan recused himself from the case. It was not

---

[9] The court docket reads "STIPULATION filed and fiated." See Franklin-Mason v. Dalton, Civ. Case No. 96-2505, Docket No. 44. Fiat is defined as an "order or decree." Black's Law Dictionary (8th ed. 2004).

until after the district court entertained and completed a trial upon the merits of Ms. Franklin-Mason's fourth motion to enforce the terms of the Stipulated Order, that the newly appointed judge, Judge Roberts, decided that this was a "free-standing" breach of contract claim within the exclusive jurisdiction of the Court of Federal Claims. See A9, Compl. at 45 ¶ 200.

In deciding to transfer this case, Judge Roberts found that this Court possessed exclusive jurisdiction over Ms. Franklin-Mason's attempt to enforce the settlement because she was not seeking specific performance, but over $900,000 in damages and attorney fees. A3, A7. Judge Roberts distinguished this case from Kokkonen based upon the principle that "parties cannot by settlement confer jurisdiction on a court over a claim that is exclusively the province of another court." A8. Although this principle is generally true, the case Judge Roberts quotes in support of this proposition in inapposite because it involves a private settlement and not a court approved settlement or consent decree. See Akinseye v. Dist. of Columbia, 339 F.3d 970, 971 (D.C. Cir. 2003). In this case, the parties did not confer jurisdiction on the district court, but rather the court exercised its "inherent power" to retain jurisdiction by complying with the explicit criteria set out in Kokkonen. See 511 U.S. at 381-82; see generally Flanagan v. Arnaiz, 143 F.3d 540 (9th Cir. 1998) ("a court order exercises judicial authority, a forum selection clause in a private contract does not").

Judge Robert's opinion further relied on Rochon v. Gonzales, 438 F.3d 1211 (D.C. Cir. 2006), which he concluded did not "purport to recognize district court jurisdiction over free-standing breach claims that otherwise fall within the Court of Federal Claims' exclusive jurisdiction." A9. However, by characterizing Ms. Franklin-Mason's claim as a "free-standing breach" claim, Judge Roberts failed to consider that the Stipulated Order was not a contract with

19

the United States, but was a consent decree that the district court had continuing jurisdiction to enforce.  See Berger v. Heckler, 771 F.2d 1556, 1568 (2d. Cir. 1985) ("Consent decrees are subject to continuing supervision and enforcement by the court.").  Accordingly, transfer pursuant to 28 U.S.C. § 1631 was improper because the district court was not in "want of jurisdiction."  Fisherman's Harvest, Inc. v. PBS & J, 490 F.3d 1371, 1375 (Fed. Cir. 2007) (finding transfer under section 1631 improper because t here was no "want of jurisdiction" over claims).

Several Circuits have found that when a court retains jurisdiction over a settlement agreement for the purposes of future enforcement, such retention of jurisdiction is impliedly exclusive.  See Flanagan, 143 F.3d at 544-45 (but not excluding the "possibility that in some circumstances, the words, context, or subsequent order of the federal court might show that retention of jurisdiction was not intended to be exclusive"); id. (citing United States v. Am. Soc'y of Composers (In re Karmen), 32 F.3d 727, 731-32 (2d Cir.1994); United States v. Am. Soc'y of Composers, 442 F.2d 601, 603 (2d Cir.1971); Battle v. Liberty Nat'l Life Ins. Co., 877 F.2d 877, 880-81 (11th Cir.1989)).  "The reason why exclusivity is inferred is that it would make no sense for the district court to retain jurisdiction to interpret and apply its own judgment to the future conduct contemplated by the judgment, yet have a[nother] . . . court construing what the federal court meant in the judgment."  Flanagan, 143 F.3d at 545.

Under the above principle, it makes particular sense in this case to dismiss Ms. Franklin-Mason's claims for lack of jurisdiction.  Ms. Franklin-Mason litigated her Title VII claim in the district court for three years.  She entered a settlement that was approved by the district court and entered as a court order.  For several years after the Stipulated Order was entered, the district

court exercised its "inherent power" to construe and to enforce the terms of the order by entertaining the merits of Ms. Franklin-Mason's various enforcement motions. Pursuant to its enforcement jurisdiction, a magistrate judge made findings of fact and issued a report and recommendation finding that the Government did not "materially breach" the order and that Ms. Franklin-Mason was entitled to nominal damages at best. A4-5. As a matter of judicial economy it does not now make sense to view the Stipulated Order as a contract as opposed to an order of the district court.

Because the district court retained jurisdiction over the Stipulated Order by "approving and so ordering" the Stipulation of Settlement, and by not only incorporating the terms of the settlement into its order of dismissal, but using the Stipulation of Settlement as its order of dismissal, the Stipulated Order is not a contract with the United States but a consent decree. Accordingly, whatever remedies Ms. Franklin-Mason may possess for the Navy's alleged violation of the Stipulated Order must be pursued, if at all, in the court that entered and retained jurisdiction to enforce the Stipulated Order.

**III.    Plaintiff's Complaint Fails To State A Claim Upon Which Relief Can Be Granted Because She Has Not Alleged A Breach Of The Stipulated Order**

Even if the Court were to find that the Stipulated Order is a contract over which it possesses jurisdiction, the Court should still dismiss Ms. Franklin-Mason's complaint for failure to state a claim for breach of contract. To recover for breach of contract, Ms. Franklin-Mason must allege and establish the following: (1) a valid contract between the parties; (2) an obligation or duty arising out of that contract; (3) a breach of that duty; and (4) damages caused by the breach. San Carlos Irrigation & Drainage Dist. v. United States, 877 F.2d 957, 959 (Fed. Cir.

21

1989).  Specifically, Ms. Franklin-Mason must allege that "but for" the Government's alleged

breach, she would not have suffered her claimed damages.  See San Carlos Irrigation & Drainage

Dist. v. United States, 111 F.3d 1557, 1563 (Fed. Cir. 1997); see also Hughes Commc'n Galaxy,

Inc. v. United States, 271 F.3d 1060, 1065 (Fed. Cir. 2001).

     Ms. Franklin-Mason alleges that the parties entered into a settlement agreement.  Compl.

at 6 ¶ 7.  She fails, however, to allege facts that indicate that the Government breached one of its

contractual duties or that her purported damages were caused by a breach.

     **A.**    **Plaintiff Has Not Alleged A Breach Of A Contractual Duty**

     Assuming the Court elects to construe the Stipulated Order as a contract, its interpretation

is governed by traditional contract principles.  W & F Bld. Maint. Co. v. United States, 56 Fed.

Cl. 62, 69 (2003).  If the contractual terms are clear and unambiguous, the Court's analysis is

guided solely by the plain language of the contract.  Id.  "Extrinsic evidence will not be received

to change the terms of a contract that is clear on its face."  Id. (citations omitted).  An

ambiguity is not generated merely because the parties differ in their respective interpretations,

but occurs when the contract is susceptible to more than one reasonable interpretation.  Id.  "An

interpretation which gives a reasonable meaning to all parts will be preferred to one which leaves

a portion of it useless, inexplicable, inoperative, void, insignificant, meaningless, superfluous, or

achieves a weird and whimsical result."  Id. (citations omitted).  A party's subjective intentions

cannot override the plain and unambiguous language of an agreement.  W & F Bld. Maint. Co.,

56 Fed. Cl. at 71.

     The majority of Ms. Franklin-Mason's allegations presented in paragraphs 191 through

202 do not violate the plain language of the Stipulated Order.  Compare Compl. at 44-46, with

Pl. Ex. 6.  For example, nowhere in the terms of the Stipulated Order did the Government agree to transfer Ms. Franklin-Mason to another department within the Navy or to grant her cash or time off awards.  Compare Compl at. 196(g), 197, with Pl. Ex. 6.  The only terms of the Stipulated Order that Ms. Franklin-Mason specifically alleges were violated are paragraphs 2 and 11.  Compl. at 44 ¶ 196(b), (c), 45 ¶ 202.

First, Ms. Franklin-Mason contends that the Government breached paragraph 2 of the Stipulated Order by not adopting the position offered and denying her job responsibilities commensurate with her position.  Compl. ¶¶ 196(b), (c).  The plain language of the Stipulated Order provides that "plaintiff shall be appointed as a Senior Financial Analyst/Advisor . . . . The position shall be graded at a Level 13, Step 10." Pl. Ex. 6 ¶ 2.  It does not specify what job responsibilities the agreed upon position would be responsible for handling and thus the Government was not necessarily required to provide Ms. Franklin-Mason with specific tasks and responsibilities.  Ms. Franklin-Mason further alleges that "expungement of plaintiff's personnel file was never verified." Compl. at 45 ¶ 202.  Indeed, that the expungement of plaintiff's personnel record has not been verified does not indicate that the appropriate documents have not been expunged.  These allegations do not point to any violation of a contractual obligation.

Ms. Franklin-Mason's complaint alludes to other violations of the Stipulated Order.  However, even assuming that such allegations are true, denying Ms. Franklin-Mason "educational benefits on several occasions," requiring her to work with Lucy Austin, an employee from the Office of the Comptroller, or failing "to fund the TSP fund of plaintiff's choice," do not breach the terms of the Stipulated Order.  Compl. ¶¶ 191(j), 196(h), 191(h), 196(k).  The unambiguous language of the Stipulated Order does not require that the Government

23

provide plaintiff with every educational benefit available.  The Stipulated Order provides that plaintiff is "eligible to receive and should be considered for any and all educational benefits afforded to personnel employed at her grade/level."  Pl. Ex. 6 ¶ 10.  That the Government agreed to "consider" Ms. Franklin-Mason for training opportunities was not a guarantee that the Government would select her in every instance to participate such opportunities.

Nor does that fact that Ms. Franklin-Mason worked with Lucy Austin from the Office of the Comptroller violate the terms of the Stipulated Order.  The plain language provides that Ms. Franklin-Mason would "not be required to work directly for or be supervised by" three specifically named employees, and that no "other personnel in the Office of the Comptroller shall be involved in any way with the formal evaluations of Plaintiff's work performance or in decisions made regarding Plaintiff's employment status."  See Pl. Ex. 6 ¶ 10.  The terms of the Stipulated Order simply do not preclude Ms. Franklin-Mason from working with someone from the Office of the Comptroller.  It only requires that such personnel not be involved in formally evaluating her work or decisions regarding her employment status – allegations that Ms. Franklin-Mason does not raise.

Finally, although the plain language of the agreement provides that the Government would deduct $36,000 from Ms. Franklin-Mason's back pay award and deposit it into her TSP account, the agreement does not contemplate that the money would be placed in a specific fund nor the fund of plaintiff's choice.  Pl. Ex. 6 ¶6.  In fact, Ms. Franklin-Mason concedes in her complaint that the Government complied with its contractual duty to deduct $36,000 from her back pay

award and deposit it into her TSP account.[10]   See Compl. at 7 ¶ 28.

**B.      Plaintiff Has Not Alleged That The Purported Breach Of A Contractual Duty
Was The Proximate Cause Of Damages Claimed**

To the extent that the Court possesses jurisdiction to award the relief requested,

Ms. Franklin-Mason fails to assert how the alleged breach of the Stipulated Order caused the

damages that she seeks.  Rather, the damages sought appear to be the direct result of her

constructive discharge claim – a claim that this Court does not possess jurisdiction to hear.  For

example, any alleged loss in pay from June 2005, the date of her retirement, to June 2016, the date

of her planned retirement, is unquestionably the direct result of her alleged constructive discharge.

Compl. at 46 ¶ b.  Ms. Franklin-Mason also requests relief in the form of an annual annuity in the

amount of $142,725.  Compl. at 46 ¶ f.  She fails, however, to allege how the alleged breach

entitles her to an annuity.  The Stipulated Order does not provide for an annuity, and she has not

otherwise proffered any factual allegations related to the Government's duty to provide her with

an annuity.  This also relates to Ms. Franklin-Mason's claim for constructive discharge.  Finally,

as discussed above, Ms. Franklin-Mason's claim for $75,000 in TSP miscalculations is not the

result of a breach of any contractual obligation that the Government was required to perform.

---

[10]  To the Government's knowledge individual account holders have the ability to
personally manage the investments in their TSP funds and elect the fund of their choice.  See
TSP Features For Civilians, http://www.tsp.gov/features/chapter10.html.  Assuming that Ms.
Franklin-Mason is claiming a loss for the amount that $36,000 would have earned if invested in
the C Fund, the Government notes that there is an Office of Personnel Management Regulation
that requires, that when, as in plaintiff's case, the Government restores funds to a thrift savings
plan, upon an employee's return to duty, the money is deemed to have been invested in the G
Fund in the period between the employee's departure from service and her return.  See 5 C.F.R.
§ 1605.4 (1999).

Because Ms. Franklin-Mason has not proffered any allegations to show that the Government breached a contractual duty and because she has failed to allege that the purported breach was the proximate cause of the damages that she seeks, the Court should dismiss her complaint for a failure to state a claim upon which relief can be granted.

## **CONCLUSION**

For the foregoing reasons, defendant respectfully requests that the Court dismiss Ms. Franklin-Mason's amended complaint.

Respectfully submitted,


TONY WEST
Assistant Attorney General


JEANNE E. DAVIDSON
Director


s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, Jr.
Assistant Director

26

Of Counsel:

DAVID TOWNSEND
Associate Counsel
Military Sealift Command
Washington Navy Yard
914 Charles Morris Court, S.E.
Washington Navy Yard D.C., 20398

February 26, 2010

s/ Shelley D. Weger
SHELLEY D. WEGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., Room 12070
Washington, D.C.  20530
Tele: (202) 616-1273
Fax:  (202) 514-8624

Attorneys for Defendant

27

<u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this _26_ day of February, 2010, a copy of the foregoing

"DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT" was filed

electronically.  I understand that notice of this filing will be sent to all parties by operation of the

Court's electronic filing system.  Parties may access this filing through the Court's system.

<u>/s/ Shelley D. Weger</u>